Michael TAMMONE, Plaintiff,

v.

DORR–OLIVER INCORPORATED, Defendant.

No. 3:99CV494(WWE).

United States District Court, D. Connecticut.

Nov. 19, 1999.

Eugene N. Axelrod, Employment Law Group, Woodbridge, CT, for Plaintiff.

Diana Garfield, Burton Kainen, Kainen, Escalera & McHale, PC, Hartford, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

This lawsuit arises out of plaintiff's employment dispute with defendant Dorr–Oli-

ver Incorporated. Plaintiff seeks to hold Dorr–Oliver liable for failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") (count one), retaliation for complaining about violations of the labor laws (count two), and intentional infliction of emotional distress (count four). Plaintiff has withdrawn count three. Defendant has moved to dismiss this matter or, in the alternative for summary judgment.

Review of materials extrinsic to the pleadings is essential to the consideration of this motion. Accordingly, the Court will construe defendant's motion as one for summary judgment.

## BACKGROUND

The parties' briefs and exhibits reveal the following factual circumstances.

Mr. Tammone has been employed by Dorr–Oliver for twenty-seven years. From 1994 to 1998, he held the position of Field Manager, which required him to travel and work more than forty hours per week at certain times. On July 1, 1998, Mr. Tammone submitted a complaint to his supervisor alleging that Dorr–Oliver was violating labor laws by failing to pay him overtime in his position as Field Manager.

On October 27, 1998, Mr. Tammone was informed by Don Oliver, the Head of Human Resources, that he was going to be transferred to the Mechanical Design Department.

On October 30, 1998, Mr. Tammone submitted a complaint to Mr. Oliver regarding his request for a written copy of Dorr–Oliver's "comp time" program.

In November, 1998, Mr. Tammone was transferred to the Mechanical Design Department. He alleges that his transfer to that department has caused him to suffer from depression.

On February 22, 1999, Mr. Tammone's counsel sent a "courtesy copy" of the complaint filed in this case to Dorr–Oliver. Thereafter, on February 26, 1999, plaintiff filed a CHRO complaint, alleging that his transfer was improper and in violation of the Age Discrimination in Employment Act and state anti-discrimination statutes. The CHRO charge did not contain allegations relating to Dorr–Oliver's compliance with the FLSA.

In March, 1999, the parties began settlement negotiations. Dorr–Oliver offered to transfer Mr. Tammone back to his previous position as a Field Engineer and to pay legal fees up to $10,000 in exchange for a release of his claims against the corporation.

The release proposed by Dorr–Oliver referred to Mr. Tammone's actions concerning Dorr–Oliver's alleged violations of the FLSA and age discrimination statutes. It stated in relevant part:

> This release by Employee includes, but is not limited to, a release of any rights or claims Employee may have under the Connecticut Fair Employment Practices Act, Connecticut Protection of Employees Who Disclose Their Employers Illegal Activities Act, Age Discrimination in Employment Act ...; Title VII ...; the Equal Pay Act ...; the Employee Retirement Income Security Act of 1974, ...; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment. This includes, but is not limited to, a release by Employee of any claims for breach of contract or tortious conduct. This release covers both claims that Employee knows about and those he may not know about. It is understood that the question of whether the Field Engineering position is exempt under the Fair Labor Standards Act is under review by D–O and that this issue is not encompassed by this Agreement.

By letter, plaintiff's counsel pointed out that the release contained conflicting language since it indicated that Mr. Tammone released all claims under the FLSA and thereafter specifically excluded the FLSA from the scope of the release. Defendant's counsel wrote in response that "our

intended meaning of the General Release with respect to an FLSA claim is that Mr. Tammone will have released any FLSA claim which he may have had to date but will not release any rights if a future determination is made that the field engineering position is non-exempt."

Thereafter, defendant's counsel sent plaintiff's counsel another draft of the General Release agreement, which omitted the clause, "It is understood that the question of whether the Field Engineering position is exempt under the Fair Labor Standards Act is under review by D–O and that this issue is not encompassed by this Agreement." Defendant's counsel had added to the draft release:

> Employee does not release any right to damages or other relief for the time period beginning as of the date of this General Release.

On March 16, 1999, Mr. Tammone signed the General Release contract after handwriting into the release the clause, "It is understood that the question of whether the Field Engineering position is exempt under the Fair Labor Standards Act is under review by D–O and that this issue is not encompassed by this Agreement."

*DISCUSSION*

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

Dorr–Oliver argues that Mr. Tammone's count two, retaliation in violation of the FLSA, and count four, intentional infliction of emotional distress, were both encompassed by the release. Mr. Tammone maintains that retaliation and intentional infliction of emotional distress are ancillary claims to the alleged FLSA violation, and that the parties agreed that such claims would not be waived by the release.

A contract must be construed to effectuate the intent of the parties according to the language used and in light of the circumstances connected with the transaction. *Pesino v. Atlantic Bank of New York,* 244 Conn. 85, 91, 709 A.2d 540 (1998). A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. *Lawson v. Whitey's Frame Shop,* 241 Conn. 678, 686, 697 A.2d 1137 (1997).

In this instance, the release specifies only "that the question of whether the Field Engineering position is exempt under the Fair Labor Standards Act is under review by D–O and that this issue is not encompassed by this Agreement." The scope of this reservation is ambiguous.

Construing all inferences of facts in the light most favorable to the plaintiff, the correspondence between counsel indicates that the parties did not intend Mr. Tammone to release any rights with respect to his claim of a FLSA violation if it was

determined that the Field Engineering position was non-exempt. Mr. Tammone's claim of retaliation, which is brought pursuant to the FLSA, is inextricably linked to the determination of whether the Field Engineering position was non-exempt. Accordingly, count two is not encompassed by the release and will not be dismissed.

Mr. Tammone's claim of intentional infliction of emotional distress is a common law tort action, which is allegedly based on conduct related to the FLSA violation. Specifically, Mr. Tammone alleges that Dorr–Oliver intended to inflict emotional distress upon him by transferring him to the position of Mechanical Designer. The Court is not persuaded that this claim is inextricably linked to Mr. Tammone's rights pursuant to the FLSA. Since the release unambiguously provided that Mr. Tammone released any claim for tortious conduct, count four will be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, or in the alternative for summary judgment [doc. # 4–1 & 4–2] is GRANTED IN PART and DENIED IN PART. Only count four is dismissed. Plaintiff is instructed within 30 days of this ruling to amend the complaint to conform with this ruling.

SO ORDERED.